FILED
United States Court of Appeals
Tenth Circuit

February 18, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ARLUS EUGENE MORRISON, JR.,

　　　　Petitioner - Appellant,

v.

MIKE ADDISON, Warden,

　　　　Respondent - Appellee.

No. 13-7067
(D.C. No. 6:10-CV-00119-RAW-KEW)
(E.D. Okla.)

---

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

Proceeding *pro se*, Arlus Eugene Morrison, Jr. seeks a certificate of appealability ("COA") from this court so he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition.  *See* 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA).  Because Morrison has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal.  *Id*. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2008, an Oklahoma judge found Morrison guilty of rape by instrumentation, first degree rape, child sexual abuse, and lewd molestation of a child under the age of sixteen. He was sentenced to twenty years' imprisonment on the lewd molestation conviction and thirty years' imprisonment on the remaining convictions, with the sentences ordered to run concurrent to each other.

Morrison filed a direct appeal with the Oklahoma Court of Criminal Appeals ("OCCA"), arguing the record did not show that the waiver of his right to a jury trial was made knowingly, intelligently, and voluntarily. The OCCA disagreed. It concluded the supplemental record, which included affidavits from trial counsel, the prosecutor, and the trial judge, established that Morrison knowingly and voluntarily waived his right to a jury trial.

Morrison filed the instant § 2254 habeas petition with the United States District Court for the Eastern District of Oklahoma. In his petition, Morrison reasserted the claim he raised before the OCCA in his direct appeal. The district court assigned the matter to a United States magistrate judge who made findings and recommended Morrison's habeas petition be dismissed. Applying the standard set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the magistrate judge concluded Morrison failed to demonstrate the OCCA's adjudication of his claim was contrary to, or an unreasonable application of, clearly established federal law, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C.

§ 2254(d).  In support of this recommendation, the magistrate judge noted Morrison did not deny the facts in the affidavits which were part of the state appellate record.  After reviewing Morrison's objections, the district court adopted the magistrate judge's findings and recommendation and dismissed Morrison's petition.[1]

This court cannot grant Morrison a COA unless he can demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).  In evaluating whether Morrison has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims.  *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).  Morrison is not required to demonstrate that his appeal will succeed to be entitled to a COA.  He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."  *Id.*  (quotations omitted).

The AEDPA governs the review of Morrison's claim.  Under the standards set out in 28 U.S.C. § 2254(d), this court cannot grant a writ of habeas corpus

---

[1]The district court also refused to grant Morrison a COA and denied his motion to proceed *in forma pauperis* on appeal.  Morrison thereafter paid the appellate filing fee in full.  Accordingly, his renewed request to proceed *in forma pauperis* is **denied** as moot.

unless the OCCA's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented at trial." *Id*. § 2254(d)(2); *see also Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (interpreting 28 U.S.C. § 2254(d)(1)). This court has thoroughly reviewed the entire record, including the affidavits. Morrison has failed to meet his burden of establishing the OCCA's finding that his waiver of a jury trial was made knowingly and voluntarily is "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Accordingly, Morrison has not "made a substantial showing of the denial of a constitutional right," and he is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Morrison's request for a COA and **dismisses** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge